IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00152-CV

[Consolidated on Appeal With]

No. 10-05-00153-CV

 

Holcim (Texas) Limited Partnership 

f/k/a Holnam Texas Limited Partnership,

                                                                      Appellant

 v.

 

Humboldt Wedag, Inc. and Watkins 

Engineers & Constructors, Inc.,

                                                                      Appellees

 

 



From the 40th District Court

Ellis County, Texas

Trial Court Nos. 65034 and
67978

 



CONCURRING AND DISSENTING Opinion










 

          I write separately, but briefly so as
not to further delay this appeal, for the purpose of explaining the portion of
this Court’s judgment to which I dissent.[1] 
Part of the result of the arbitration panel’s decision in the arbitration
between WEC and HWI, the phase II part, was a determination that the money
being held by Holcim and owed to WEC, as determined in phase I of the
arbitration, should be paid directly by Holcim to HWI and that payment would
extinguish Holcim’s liability for that portion of the phase I award to WEC.

          This portion of the arbitration
decision, confirmed by the trial court, does not seem to be implicated by the
lack of an arbitration agreement between Holcim and HWI.[2] 
Further, it seems to be precisely the type of determination for which this type
of multi-party arbitration proceeding, under which different disputes, arising
under different contracts, requiring different parties to arbitrate those
disputes, but all arbitrated within one proceeding, is designed.

          This is simply the result of clearly
separating the disputes which were being arbitrated under two different
arbitration provisions, in two different contracts, between different parties, but
also avoiding inconsistent results by having one arbitration panel conduct a
single proceeding.  The two arbitrations had one common party, WEC.  In one
dispute, Holcim was determined to owe that common party, WEC, funds for certain
equipment and services which had been provided by a subcontractor.  In the same
overall proceeding, before the same arbitrators, but under a different
arbitration provision in a different contract, the common party, WEC, was determined
to owe the subcontractor, HWI, for the same equipment and services that the
common party, WEC, had been determined to be due payment from Holcim.

          Thus, the order of a direct payment
from Holcim to HWI for that equipment and services is not the result of
arbitration between Holcim and HWI and should not be interfered with in this
appeal.  To the extent described, I dissent from this Court’s judgment, but
otherwise, join the result thereof.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
and dissenting opinion delivered and filed October 4, 2006









[1]
 There are a number of fairly broad
sweeping statements or phrases stated as holdings for which I find inadequate
authority.  I have not identified them nor written herein to address them
because I have also determined that these unsupported or erroneous statements
are immaterial to the disposition of this appeal.





[2] 
Likewise, the confirmation order confirmed
other parts of the arbitrator’s decision for the proceedings between Holcim and
WEC and also other parts of the arbitration proceeding between WEC and HWI that
were not attacked on appeal and should remain undisturbed by this Court’s
judgment.